JS 44 (Rev 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Bettie Jean Green
Birtee Bratton

## DEFENDANTS
Dallas County Schools

**3 04CV - 0891 P**

**(b)** County of Residence of First _____ Dallas _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Michael A Josephson
Fibich, Hampton & Leebron, L L P.
1401 McKinney, Suite 1800
Houston, Texas 77010-9998

Attorneys (If Known)

RECEIVED
APR 27 2004
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)

(For Diversity Cases Only)

| | | | | DEF | | | DEF |
|---|---|---|---|---|---|---|---|
| ☐ 1 U S Government Plaintiff | X 3 Federal Question (U.S. Government Not a Party) | Citizen of This State | X 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| | | Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | ☐ 368 Asbestos Personal Injury Product | ☐ 640 R R & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | Liability | Liability | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 810 Selective Service |
| | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | X 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus. | | **FEDERAL TAX SUITS** | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

X 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U S Civil Statute under which you are filing and write brief statement of cause
Do not cite jurisdictional statutes unless diversity.)
VIOLATIONS OF FAIR LABOR STANDARDS ACT 29 U.S.C. § 201 et seq.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint·
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)

JUDGE _____

DOCKET NUMBER _____

DATE 4/26/04

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

ORIGINAL

NORTHERN DISTRICT OF TEXAS
FILED

APR 2 7 2004

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BETTIE JEAN GREEN, individually and on behalf of all others similarly situated; BIRTEE BRATTON, individually and on behalf of all others similarly situated, | § § § § § | 3-04CV-0891P |
| | § | Civil Action No. _____ |
| Plaintiffs, | § § | JURY TRIAL DEMANDED |
| vs. | § § | |
| | § | COLLECTIVE ACTION |
| DALLAS COUNTY SCHOOLS, | § | PURSUANT TO 29 U.S.C. § 216(b) |
| | § | |
| Defendant. | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Bettie Jean Green, individually and on behalf of all others similarly situated and Birtee Bratton, individually and on behalf of all others similarly situated (hereinafter, "Plaintiffs" or "Putative Class Members") bring this action against Defendant Dallas County Schools (hereinafter, "DCS" or "Defendant") and would show as follows:

## I.
### OVERVIEW

1.     This is a collective action to recover backpay, benefits, and unpaid overtime wages brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

2.     The putative class members consist of current and former bus drivers, (hereinafter, "Putative Class Member") who were not paid all of their wages or overtime pay for all hours worked each week in accordance with the FLSA.    Specifically, Defendant required the Putative Class Members to routinely work "off the clock."

Moreover, Defendant implemented and used an impermissible "compensation" scheme intended to keep employees from receiving all of their wages and overtime pay in accordance with the FLSA.

3.          Accordingly, Plaintiffs Bettie Jean Green and Birtee Bratton bring this action on behalf of themselves and all other similarly situated current and former employees of Defendant to remedy Defendant's unlawful conduct and to recover unpaid wages and overtime compensation under §16(b) of the FLSA. 29 U.S.C. §216(b).

## II.
### PARTIES

4.          Plaintiff Bettie Jean Green is an individual who resides in Garland, Dallas County, Texas.   Green has been employed as a bus driver by Defendant within the meaning of the FLSA during the relevant three-year period.   Green was unlawfully subjected to Defendant's unlawful compensation scheme and did not properly receive all her wages, overtime compensation or benefits for all of the hours she worked, including the hours worked in excess of 40 hours per week.   Green's consent to this action is attached hereto as Exhibit A.

5.          Plaintiff Birtee Bratton is an individual who resides in Dallas, Dallas County, Texas.   Bratton has been employed as a bus driver by Defendant within the meaning of the FLSA during the relevant three-year period.   Bratton was unlawfully subjected to Defendant's unlawful compensation scheme and did not properly receive all her wages, overtime compensation or benefits for all of the hours she worked, including the hours worked in excess of 40 hours per week.   Bratton's consent to this action is attached hereto as Exhibit B.

6.        The class of similarly situated employees or potential class members sought to be certified under 29 U.S.C. §216(b) is defined as "all current and former hourly and salaried bus drivers who were employed by DCS who were required to work off the clock and were not paid all of their wages, benefits or overtime compensation for all of the hours they worked."   The precise size and the identity of the Putative Class Members should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant, or its related and affiliated entities.  The relevant time period for purposes of the collection action is April 26, 2001 to present.  As described above, the Putative Class Members consist of all bus drivers who worked during the relevant time period.

7.        Defendant Dallas County Schools is a intermediate educational agency which serves Dallas County's 15 independent school districts.  During the relevant time period DCS acting through its affiliates and subsidiaries, created, ratified and implemented Defendants unlawful payment scheme.  Thus, DCS has acted directly or indirectly as an employer with respect to the named Plaintiff and all those similarly situated within the meaning of the FLSA.  DCS can be served with process by serving its superintendent, Rick Sorrells, at the Dallas County Schools Administration Building, located at 612 N. Zang Blvd., Dallas, Texas 75208.

### III.
### JURISDICTION

8.        This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331.  Plaintiffs' claims arise under §§ 7(a)(1), and 16(b) of the FLSA.  29 U.S.C. §§ 207(a)(1), and 216(b).   Additionally, this Court has

- 3 -

personal jurisdiction over Defendant, since Defendant maintains and has maintained sufficient contacts with the State of Texas.

## IV.
### VENUE

9.        Venue is proper in the Northern District of Texas under 28 U.S.C. § 1391(a) because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

## V.
### COVERAGE UNDER THE FLSA

10.        At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11.        At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

12.        At all times hereinafter mentioned, Plaintiff and all those similarly situated were individual employees as required by 29 U.S.C. §§ 206-207.

## VI.
### FACTS

13.        Defendant provides transportation services to Dallas County's 15 independent school districts. At all times relevant to this action, Plaintiffs and all those similarly situated were employed by Defendant as hourly and non-exempt salaried bus drivers. During the relevant time period, the Putative Class Members were subjected to Defendant's unlawful compensation scheme and were not paid overtime for all hours worked in excess of 40 hours a week.

14.        Further, upon information and belief, DCS failed to properly compensate all of its hourly and non-exempt salaried employees for all hours worked each week.

Plaintiffs contend that DCS regularly required all of its employees, including, but not limited to all hourly and non-exempt salaried bus drivers to illegally work "off the clock." Specifically, Plaintiffs and all those similarly situated were not properly paid for extra curricular activities, field trips, athletic events, pre-trip inspections, training time, post-trip cleanup time or monitoring time. Plaintiffs' contend that Defendant's pattern of FLSA violations is widespread and ongoing.

15.        Plaintiffs are aware of other current and former employees who are similarly situated and were not properly paid for all of the hours they worked. Accordingly, Plaintiffs and all those similarly situated contend that Defendant owes its hourly and non-exempt salaried employees unpaid wages, benefits and overtime compensation under 29 U.S.C. §207(a)(1).

## VII.
## COLLECTIVE ACTION ALLEGATIONS

16.        Other employees have been victimized by this pattern, practice and policy which are in willful violation of the FLSA. Many of these employees have worked with Plaintiffs and have reported that they were paid in the same manner as Plaintiffs and were not properly compensated for all hours worked as required by the FLSA. Thus, from discussion with these employees, Plaintiffs' are aware that the illegal practice or policies of DCS have been imposed on the Putative Class Members.

17.        The Putative Class Members are bus drivers who were not properly compensated for the performance of their job duties. Accordingly, the employees who were victimized by DCS' unlawful compensation practices are similarly situated to Plaintiffs in terms of job duties and pay provisions.

- 5 -

18.        DCS' failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable policies and practices and do not depend on the personal circumstances of the Putative Class Members. Thus, Plaintiffs' experience are typical of the experience of the Putative Class Members.

19.        The specific job titles or precise job requirements of the various Putative Class Members do not prevent collective treatment. All of the Putative Class Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked, including those hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Accordingly the class of similarly situated plaintiffs is properly defined as:

> **All current and former bus drivers who worked for Dallas County Schools at any time during the time period April 26, 2001 to the present.**

**VIII.**
**FAILURE TO PAY WAGES IN**
**ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT**

20.        During the relevant period, Defendant has violated, and is violating, the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise within the meaning of the FLSA without compensating such employees for their employment in accordance with 29 U.S.C. §206(a).

21.        Defendant has knowingly, willfully or in reckless disregard carried out its illegal pattern or practice of failing to pay Plaintiffs and all those similarly situated all of their wages and overtime compensation. The decision by Defendant to not pay Plaintiffs

- 6 -

and all those similarly situated all of their wages and overtime compensation was neither reasonable nor in good faith. Accordingly, Plaintiffs and all those who are similarly situated are entitled to their unpaid wages and overtime compensation under the FLSA, plus liquidated damages, attorney's fees and costs.

## IX.
## RELIEF SOUGHT

22.    WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

      a.    For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiffs (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs;

      b.    For an Order awarding Plaintiffs (and those who have joined in the suit) the costs of this action;

      c.    For an Order awarding Plaintiffs (and those who have joined in the suit) their attorneys' fees;

      d.    For an Order awarding Plaintiffs (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

      e.    For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By:_____
　　　Kenneth J. Fibich
　　　State Bar No. 06952600
　　　Michael A. Josephson
　　　State Bar No. 24014780
　　　**FIBICH, HAMPTON & LEEBRON, L.L.P.**
　　　1401 McKinney, Suite 1800
　　　Houston, Texas 77010
　　　713-751-0025 (Telephone)
　　　713-751-0030 (Facsimile)
　　　www.fibichhampton.com

　　　ATTORNEYS FOR PLAINTIFF

- 8 -